IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| VICKIE D. SIMPSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-10-744-M |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of the Social | ) | |
| Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## **REPORT AND RECOMMENDATION**

Ms. Vickie Simpson applied for supplemental security income based on an alleged disability. *See* Administrative Record at pp. 79-85 (certified December 8, 2010) ("Record"). The Social Security Administration rejected the claim,[1] and Ms. Simpson initiated the present action. In part, she alleges error in the judge's credibility analysis.[2] The Court should reverse the administrative decision and remand the action for further findings.

---

[1] Record at pp. 1-3, 11-19, 49-50.

[2] Ms. Simpson also suggests errors at step four and in the judge's evaluation of the medical evidence. But the Court need not consider these allegations in light of the suggested reversal on other grounds. *See infra* pp. 2-10; *see also Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003) ("We will not reach the remaining issues raised by appellant because they may be affected by the [administrative law judge's] treatment of this case on remand.").

I.	STANDARD OF REVIEW

The Court must determine whether the Social Security Administration's decision is based on substantial evidence and the correct legal standard. *See Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005). Reversal is necessary if the agency had failed "'to provide this court with a sufficient basis to determine that appropriate legal principles have been followed.'" *Byron v. Heckler*, 742 F.2d 1232, 1235 (10th Cir. 1984) (*per curiam*; citations omitted).

II.	ERROR IN THE CONSIDERATION OF THE PLAINTIFF'S CREDIBILITY

According to the Plaintiff, the administrative law judge failed to discuss the complaints in a manner that would allow meaningful review.[3] Ms. Simpson is correct.

A.	The Plaintiff's Subjective Complaints

At the administrative hearing, the Plaintiff testified that:

- she suffered pain in her legs, feet, and back,[4]

- she suffered pain in her left hip 2-3 times a week, lasting 15-30 minutes,[5]

---

[3]	Ms. Simpson also alleges that the administrative law judge had improperly discounted the subjective complaints based on her failure to follow prescribed medical advice. But the administrative law judge did not say that he was discounting the Plaintiff's complaint on this basis. *See* Record at pp. 14-18.

[4]	Record at pp. 27, 29, 31.

[5]	Record at pp. 32-33.

- she suffered pain in her legs that started at her hip and continued through her feet,[6]

- she suffered pain throughout the day,[7]

- there was hardly ever a time when she was pain free,[8]

- pain interrupted her sleep,[9]

- she constantly had numbness and tingling in her hands, feet, toes, and legs,[10]

- fatigue required her to lie down 2-3 times a day for 1-2 hours at a time,[11]

- numbness in her hands caused an inability to hold things,[12]

- she could sit or stand comfortably for 15-20 minutes before needing to change positions,[13]

- she could walk less than a block,[14] and

- she could lift only about 5 pounds.[15]

---

[6] Record at p. 28.

[7] Record at p. 28.

[8] Record at p. 28.

[9] Record at p. 34.

[10] Record at pp. 28-29.

[11] Record at p. 29.

[12] Record at p. 31.

[13] Record at p. 33

[14] Record at p. 33.

[15] Record at p. 33.

B.      Administrative Law Judge's Duty to Evaluate the Subjective Complaints

The judge had to consider the evidence and decide whether he believed Ms. Simpson's complaints.[16] In doing so, the administrative law judge had a duty to make specific findings and to link them to substantial evidence.[17] The judge did not satisfy either requirement.

C.      The Administrative Law Judge's RFC Assessment and Evaluation of the Complaints

In part, the administrative law judge stated that the Plaintiff retained the residual functional capacity ("RFC") to perform "light" work as defined in 20 C.F.R. 416.967(b). Record at p. 14. By definition, this assessment assumed that Ms. Simpson could: (1) frequently lift or carry up to ten pounds, (2) stand or walk "a good deal," and (3) sit "most of the time." 20 C.F.R. § 416.967(b).

In making this finding, the administrative law judge acknowledged his duty to evaluate Ms. Simpson's subjective allegations. Record at p. 14. The judge outlined the

---

[16] *See* Social Security Ruling 96-7p, *Policy Interpretation Ruling Titles II and XVI: Evaluation of Symptoms in Disability Claims: Assessing the Credibility of an Individual's Statements*, 1996 WL 374186, Westlaw op. at 1-2 (July 2, 1996).

[17] *See Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995) (noting the duty to "closely and affirmatively link[ ]" credibility findings to substantial evidence); Social Security Ruling 96-7p, *Policy Interpretation Ruling Titles II and XVI: Evaluation of Symptoms in Disability Claims: Assessing the Credibility of an Individual's Statements*, 1996 WL 374186, Westlaw op. at 4 (July 2, 1996) (noting the duty to provide "specific reasons for the weight given to the individual's statements" "articulated in the determination or decision" in a manner "sufficiently specific to make clear to the individual and to any subsequent reviewers the weight" given "to the individual's statements and the reasons for that weight").

4

procedure for evaluation of credibility, summarized the Plaintiff's testimony, and made the following statement:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment.

*Id.* at p. 15.

The judge then provided a detailed summary of the medical evidence. *Id.* at pp. 15-18. Following the summary, the judge stated:

> The claimant's complaints of pain are well documented; however, the evidence does not document the complaints she asserts herein as to the amount of time she can or cannot sit, can or cannot stand, or limitations on activities of daily living. Physical findings from numerous physicians fail to reveal the limitations the claimant asserts herein. The claimant's allegations of pain and other subjective complaints including her alleged limitations in lifting, walking, standing, sitting, and performing household tasks are not substantiated by the medical evidence to the extent alleged and are not sufficiently credible to support a finding of disability.

*Id.* at p. 18.

    D.    <u>The Administrative Law Judge's Error in the Credibility Analysis</u>

These statements comprise the entirety of the administrative law judge's credibility analysis. As noted above, the judge discounted Ms. Simpson's credibility to the extent that the subjective allegations were inconsistent with the RFC findings. *See supra* p. 5. A comparison between the RFC findings and the subjective allegations suggests that the judge

had disbelieved Ms. Simpson's contentions concerning her abilities to lift, stand, walk, grip, and sit. *See supra* pp. 2-4.

The administrative law judge stated that he was discounting the Plaintiff' complaints because no physicians had confirmed these limitations. *See supra* p. 5. In doing so, however, the judge did not identify any assessments by Ms. Simpson's doctors on the limitations in lifting, standing, walking, gripping, or sitting. Indeed, none of the doctors had measured these functional limitations.[18]

The judge appeared to use the absence of such measurements as an indication that Ms. Simpson had exaggerated the symptoms. The absence of evidence, however, is not evidence. *See Madron v. Astrue*, 311 Fed. Appx. 170 (10th Cir. Feb. 11, 2009) (unpublished op.);[19] *see*

---

[18] The only treating medical professional to comment on these limitations was Mark Davis, a physician's assistant. He stated that Ms. Simpson's degenerative disk disease and peripheral neuropathy would severely limit the ability to walk. Record at p. 264.

[19] There the administrative law judge found that the plaintiff's complaints were not fully credible in part because they were inconsistent with the medical evidence. *See Madron v. Astrue*, 311 Fed. Appx. at 176. In doing so, the judge appeared to rely at least in part on the fact that none of the treating or examining doctors had indicated that the claimant was unable to work. *See id*. The Tenth Circuit Court of Appeals rejected this rationale:

> [T]he fact that no physician stated in the record that [the claimant] was unable to work does not seriously undercut her credibility. "While the absence of an objective medical basis for the degree of severity of pain may affect the weight to be given to the claimant's subjective allegations of pain, a lack of objective corroboration of the pain's severity cannot justify disregarding those allegations." Here, the medical tests establish a basis for the pain, although the physicians' statements and tests do not conclusively prove [the claimant's] claims about the extent of her pain. However, this does not justify disregarding [the claimant's] claims. And the [administrative law judge] points to no specific way in which the medical record is inconsistent with [the claimant's] assertions that could justify disregarding her claims.

*Id*. at 178 (citations & footnote omitted).

*also Lana v. Astrue*, Case No. CIV-09-941-R, slip op. at 6 (W.D. Okla. Oct. 13, 2010) (unpublished report and recommendation by magistrate judge, holding that an administrative law judge's reliance on the absence of work-related limitations was invalid because the record was "devoid of any statements by treating doctors one way or the other about the Plaintiff's ability to work"), *adopted* (W.D. Okla. Nov. 4, 2010) (unpublished order by district judge).

The error was exacerbated by the administrative law judge's failure to expressly evaluate the Plaintiff's complaints involving numbness and tingling. *See supra* pp. 2-3.[20] At step two, the judge acknowledged that the Plaintiff had a severe impairment consisting of "diabetes mellitus and associated neuropathy." Record at p. 13. "Neuropathy is a nerve injury and can be sensory, motor, or automatic in nature. A sensory neuropathic injury results in the sensation of pain, numbness, tingling, or burning." *Craft v. Astrue*, 539 F.3d 668, 672 n.1 (7th Cir. 2008).

After acknowledging Ms. Simpson's neuropathy, the administrative law judge noted the complaints of hand numbness. Record at p. 15. Considering the medical evidence and symptoms, the judge ultimately found that the "medically determinable impairments could reasonably be expected to cause the alleged symptoms." *Id.* And in describing the medical evidence, the judge acknowledged objective confirmation of neuropathy, such as "sensory

---

[20] *See Clark v. Barnhart*, 64 Fed. Appx. 688, 691 (10th Cir. Apr. 22, 2003) (unpublished op.) (concluding that an administrative law judge's credibility analysis, which had discounted "allegations of pain, and other limitations," was not specific enough to account for allegations of fatigue).

deficits in the left anterior medial calf,"[21] a diagnosis of "[b]ilateral lower extremity neuropathic symptoms,"[22] another physician's observation of "possible left sciatic neuropathy,"[23] and another physician's diagnosis of "diabetic sensory peripheral neuropathy."[24] Then, however, the judge fell silent on whether the neuropathy would have caused functional problems, such as diminished manipulative ability. Thus, the judge apparently acknowledged the neuropathy and the relationship between that condition and the complaints, but never said whether he believed Ms. Simpson's description of her numbness and tingling. That omission constituted error. *See Spaulding v. Astrue*, 379 Fed. Appx. 776 (10th Cir. May 25, 2010) (unpublished op.);[25] *accord Dunn v. Astrue*, 660 F. Supp. 2d 1290, 1295 (N.D. Ala. 2009) (holding that the administrative law judge's credibility assessment was erroneous in part because it did "not take into account plaintiff's diabetic neuropathy"); *Sawyer v. Astrue*, ___ F. Supp. 2d ___, 2011 WL 1313700, Westlaw op. at (E.D. N.C. Apr. 4, 2011) (holding that the administrative law judge's assessment of residual functional

---

[21] Record at p. 15.

[22] Record at p. 15.

[23] Record at p. 16.

[24] Record at p. 17.

[25] In *Spaulding v. Astrue*, the Tenth Circuit Court of Appeals held that the administrative law judge had erred by failing to discuss a hand limitation, involving a diagnosis of diabetic neuropathy and assessment of 4/5 grip strength and diminished manipulative ability. *Spaulding v. Astrue*, 379 Fed. Appx. at 779. The court explained: "The [administrative law judge] [had not] mention[ed] these manipulative limitations in his decision, much less [given] any reasons why they would not affect [the claimant's] ability to perform a substantial number of sedentary jobs." *Id*. (footnote omitted).

capacity constituted error because it did not incorporate the claimant's testimony regarding the effect of neuropathy on her grip and hand usage).

Perhaps the administrative law judge might have intended to include "numbness and tingling" within the broad category of "complaints" asserted by Ms. Simpson. *See* Record at p. 18. Even with this liberal assumption, however, the Court would be unable to find any support in the record for the administrative law judge's assessment. For example, the judge stated that "[p]hysical findings from numerous physicians fail to reveal the limitations the claimant asserts herein." *Id*.; *see supra* p. 5. But the administrative law judge elsewhere acknowledged Dr. Jeremy Boucher's finding of only 3/5 grip strength and never suggested any contrary evidence. *See* Record at p. 17. Thus, the Court has no way of knowing: (1) whether the administrative law judge had weighed the Plaintiff's believability with regard to her complaints of numbness and tingling, and (2) if the judge did weigh these complaints, why he discounted them.

The omissions in the written decision are material, as the administrative law judge rejected the disability claim based solely on Ms. Simpson's ability to work as a teacher's aide and library helper. *Id.* at p. 18. The administrative law judge did not elicit any vocational testimony about the manipulative duties for a teacher's aide or library helper. *See id*. at pp. 43-44. According to the Dictionary of Occupational Titles, however, a "teacher's aide" or "library assistant" position would require "frequent" handling of objects. Dictionary of Occupational Titles, 099.327-010 ("teacher's aide"), 249.367-046 ("library assistant"),

9

249.367-074 ("teacher's aide II") (4th rev. ed. 1991). Thus, the judge's silent consideration of the numbness and tingling could have had a dramatic effect on the outcome.

The judge failed to account for all of Ms. Simpson's subjective complaints and link the findings to specific evidence. The omissions prevent meaningful review of the administrative law judge's credibility findings. Accordingly, the Court should reverse and remand for further credibility findings.

III. NOTICE OF RIGHT TO OBJECT

Any party may file written objections with the Clerk of the United States District Court, Western District of Oklahoma. *See* 28 U.S.C. § 636(b)(1) (2009 supp.). The deadline for objections is August 8, 2011. *See* Fed. R. Civ. P. 6(a)(1)(C), 6(d), 72(b)(2); 28 U.S.C. § 636(b)(1) (2009 supp.). The failure to file timely objections would result in waiver of the right to appeal the suggested ruling.[26]

IV. STATUS OF THE REFERRAL

The referral is discharged.

Entered this 20th day of July, 2011.

_Robert E. Bacharach_
Robert E. Bacharach
United States Magistrate Judge

---

[26] *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").